947 F.2d 946
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Harrison SMITH, Defendants-Appellants.
 No. 90-6290.
 United States Court of Appeals, Sixth Circuit.
 Oct. 29, 1991.
 
 Before NATHANIEL R. JONES and DAVID A. NELSON, Circuit Judge, and ROSEN, District Judge.*
 PER CURIAM.
 
 
 1
 This is an appeal from a conviction on two counts of violating the murder-for-hire statute, 18 U.S.C. § 1958. The question on appeal is whether there was sufficient evidence to justify submitting the case to a jury. Concluding that there was, we shall affirm the conviction.
 
 
 2
 * The evidence indicated that the defendant, Harrison Smith, agreed to pay one Eddie Dean Engle $5000 "to do an insurance job on a house and get rid of a gentleman." The gentleman in question was defendant Smith's former father-in-law, Vincent Audi. Smith suggested that Engle place a bomb in the filter system of Audi's outdoor swimming pool because it was near Audi's bedroom.
 
 
 3
 At his first meeting with Engle, which took place in Kentucky, Smith drew a map and gave directions to Audi's home near Jacksonville, Florida. Smith made a down payment of $500 on the agreed price of $5000. That night Engle and a man named Billy Ray Smith (no apparent relation to the defendant) drove to Daytona Beach and spent the night there. The next day they returned to Kentucky.
 
 
 4
 About a week later Smith gave Engle another $350 to return to Florida. Engle did so, accompanied by Billy Ray and a man named Paul Price. The trio did not plant the bomb. When they returned, Smith gave Engle another $350.
 
 
 5
 After yet another meeting, during which Smith expressed displeasure with Engle's inaction, Engle contacted the F.B.I. The agency had Engle wear a wire at his next meeting with Smith. During that meeting Smith was recorded making incriminating statements. Smith was subsequently arrested, tried, and convicted. He now appeals the conviction, arguing that there was insufficient evidence for a jury to find that he intended Audi's death.
 
 II
 
 6
 We must review the evidence "in the light most favorable to the government, including all reasonable inferences," and we must determine whether "any rational trier of fact could have found that all elements of the offense were established beyond a reasonable doubt." United States v. Ransbottom, 914 F.2d 743, 7745 (6th Cir.), cert. denied, --- U.S. ----, 112 L.Ed.2d 422 (1990).
 
 
 7
 The evidence offered to show that Engle was hired to commit an actual murder included evidence that defendant Smith, in speaking to Engle about Audi, said this: "[B]e damned sure you get him, I don't care if you leave any house at all standing." Smith argues that the statement shows he only wanted to blow up Audi's house, and did not want Audi killed. The jury might have agreed, but it didn't; and a rational jury could reasonably have inferred from the quoted language that Smith intended that Audi be killed.
 
 
 8
 Smith was also recorded as saying "[t]he house is no big deal cause the insurance company will build it back. That don't make no difference to me. You know who I want to get rid of and why I want to get rid of him." Smith further suggested that "a ball bat would be the best thing you could do." Id. These words likewise support the conclusion that Smith wanted Audi killed.
 
 
 9
 Finally, the trial transcript includes the following testimony by Engle:
 
 
 10
 "Q: Did he ever come right out and say to you that he wanted Mr. Audi killed?
 
 
 11
 A: Yes, sir.
 
 
 12
 Q: Did he make that clear to you?
 
 
 13
 A: Yes, sir."
 
 
 14
 Credibility determinations are for the jury. A jury that believed Engle was telling the truth obviously had ample grounds for returning a verdict of guilty.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The Honorable Gerald E. Rosen, United States District Judge for the Eastern District of Michigan, sitting by designation